Supreme Court, New York Special Term. Reported. N. Y. L. J. May 6, 1898.

HENRY H. LYMAN *v.* FIDELITY & DEPOSIT COMPANY AND BROADWAY GARDEN HOTEL AND CAFE COMPANY.

SCOTT, J.: This is an action upon a bond given under the provisions of the Liquor Tax Law, conditioned for the faithful observance of the law by a corporation to whom a liquor tax certificate was issued. The complaint alleges in a single cause of action a great number of violations of the law, and the defendant, among other things, asks that the plaintiff be required to separately state and number these violations as distinct causes of action. The bond, which follows the requirements of the statute, provides that it is "to cover every violation of the Liquor Tax Law, and all fines and penalties incurred or imposed thereunder. An action for the breach of any condition of this bond may be maintained without previous conviction or prosecution for violation of any provision of said Liquor Tax Law." Reading the statute and bond together it appears that every violation, by the person for whom the bond is given, of the provisions of the Liquor Tax Law, constitutes a separate and complete cause of

action for the forfeiture of the bond and the recovery of the amount of penalty specified therein. If this be so, the plaintiff has alleged something like twenty-six different causes of action instead of only one. I think that the defendants' motion, so far as concerns separately stating and numbering the causes of action, must be granted. The defendant makes numerous other requests to strike out portions of the complaint and to make other portions more definite and certain. If the complaint is to be amended by separately stating and numbering the causes of action it is not, perhaps, necessary to pass upon these requests, since the allegations which give rise to them may not be repeated in the amended complaint. It may be useful, however, to consider them at the present time, so as to obviate the necessity for a further appeal to the court for a correction of the amended pleading. The complaint abounds in statements which are mere conclusions of law, and have no place in a pleading under our practice. Such allegations are "in violation of the conditions and covenants of the bond" and "that the suffering and permitting said premises to become, be and remain disorderly was a violation of said Liquor Tax Law and a breach of the conditions and covenants in said bond contained" and "in violation of paragraph 'b' of section 31 of said Liquor Tax Law" and many of similar import. The code required that the complaint shall state the facts upon which relief is sought, and with the facts properly and sufficiently pleaded the court will be able to determine whether they state "unlawful acts" or "violations of the conditions of the bond and of the Liquor Tax Law." Most of the paragraphs of the complaint alleging violations of the law as they stand would require an order for a bill of particulars. Since the complaint must be amended the application therefor need not be now entertained. Indeed, in any view it is premature at the present time, since no answer has been served and it does not appear that a bill of particulars is necessary in order to enable the defendant to answer. The motion that the several causes of action be separately stated and numbered will be granted, but without costs. Settle order on notice.